## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARKUS HOLLINGSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:12-cv-279-NBF |
| v. | ) | |
| | ) | |
| ERIE MOLDED PLASTIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending before the Court is Defendant's Motion to Dismiss and, Alternatively, for a More Specific Pleading (Docket No. 11). For the reasons that follow, the Court will grant Defendant's motion with respect to Plaintiff's first amended complaint (Docket No. 10) and will grant Plaintiff leave to further amend his complaint.

## I.     PROCEDURAL BACKGROUND

Plaintiff Markus Hollingsworth has filed the instant civil action, *pro se,* against Defendant Erie Molded Plastic, Inc. ("EMP"), his former employer, pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff contends that Defendant violated Title VII by firing him on the basis of his race and by retaliating against him because of his complaint that a white employee had received preferential treatment. The case was originally assigned to (former) United States District Judge Sean J. McLaughlin and was transferred to the undersigned on August 27, 2013.

On February 28, 2013, Plaintiff filed an amended complaint (Docket No. 10) pursuant to an oral order entered by Judge McLaughlin. In response to this pleading, Defendant filed the

now-pending motion to dismiss. Plaintiff did not file a formal response to this motion but instead filed a second amended complaint (Docket No. 13).

## II. STANDARD OF REVIEW

Defendant contends, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. When considering a motion made under Rule 12(b)(6), "we accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008). To survive dismissal pursuant to Federal Rule of Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. (quoting Twombly,* 550 U.S. at 556). While Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting Twombly, 550 U.S. at 555).

The foregoing standard applies even with respect to *pro se* litigants. *Maxberry v. Sallie Mae Educ. Loans,* --- Fed. Appx. ---, 2013 WL 3830102 at *1 (3d Cir. July 25, 2013); *Baker v. Younkin,* --- Fed. Appx. ---, 2013 WL 3481724 at *1 (3d Cir. July 3, 2013). At the same time, however, courts are obliged to construe a *pro se* litigant's pleadings liberally. *See Higgs v. Atty. Gen. of the United States,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.")(citing cases). *See also Tabron v. Grace,* 6 F.3d

147, 153 n.2 (3d Cir. 1993) ("we have traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure").

### III.    DISCUSSION

Applying the foregoing standards, this Court finds that Plaintiff's first amended complaint is insufficiently pled.  Although the first amended complaint purports to plead a cause of action under Title VII based on alleged race discrimination, its substantive allegations consist of nothing more than the conclusory averment that EMP terminated Plaintiff because of his race, in violation of Title VII.   (See Docket No. 10, alleging that "Plaintiff, Markus Hollingsworth was terminated from Erie Molded Plastics because of his race," "According to title VII of the Civil Rights Act of 1964, employers cannot discriminate against people because of race…," and "Defendant, Erie Molded Plastics violated this act by terminating Plaintiff because of his race."). While this allegation is necessary to a successful Title VII claim, it is insufficient by itself to state a viable cause of action.  Accordingly, Defendant's motion to dismiss the First Amended Complaint will be granted.

Nevertheless, our Circuit Court of Appeals has held that district courts should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *See Kim v. I.R.S.,* --- Fed. Appx. ---, 2013 WL 2636693 at *2 (3d Cir. June 13, 2013) (citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 113-14 (3d Cir. 2002).  Here, in lieu of defending his first amended complaint, Plaintiff has filed a second amended complaint.  Pertinently, this pleading alleges that:

- Plaintiff was hired by EMP on or about May 1, 2011 after working there for seven months through a temporary placement service (SAC ¶ 5);

3

- Shortly after working for EMP, Plaintiff began to notice unfair treatment with respect to EMP's employees (SAC ¶ 6);

- On or about June 1, 2011, EMP hired a white temporary employee into a supervisory position (SAC ¶¶ 7-8);

- Plaintiff approached management about this situation and was told, "We do what we want here, if you don't like it you can quit." (SAC ¶¶8-9);

- Thereafter, Plaintiff began to receive suspensions without pay for "frivolous incident[s]," which culminated in his termination (SAC ¶¶ 10-11);

- Plaintiff was suffered "discriminative action" and was terminated on the basis of his race (SAC ¶ 4 and p. 2); and

- Plaintiff is seeking compensatory damages under Title VII of the Civil Rights Act of 1964 (SAC p.2).

These allegations are minimally sufficient to satisfy Rule 8's requirement that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2) and (3).

Notably, Plaintiff's second amended complaint fails to include a "short and plain statement" indicating the grounds for this Court's jurisdiction, which would be 28 U.S.C. § 1331, as the case arises under federal employment discrimination law. See Fed. R. Civ. P. 8(a)(1). However, this deficiency can be cured by way of further amendment. Additionally, Plaintiff does not spell out in his second amended complaint the nature of the "frivolous incidents" for which he was suspended, but those incidents are discussed in his response to the Defendant's prior motion to dismiss the original complaint (Docket No. 8) and can be added by way of further amendment.

In light of the foregoing, this Court will dismiss Plaintiff's second amended complaint *sua sponte* without prejudice so that Plaintiff can file a third amended complaint in compliance with the Federal Rules of Civil Procedure.  Accordingly,  IT IS HEREBY ORDERED that:

1.  Defendant's Motion to Dismiss [11] is GRANTED with respect to Plaintiff's first amended complaint [10];

2.  Defendant's Motion, in the Alternative, for a More Specific Pleading is DENIED as moot;

3.  Plaintiff's second amended complaint [13] is DISMISSED *sua sponte* without prejudice; and

4.  Plaintiff is granted leave to further amend his complaint on or before **October 2, 2013**.  In addition to the information previously included in the second amended complaint, Plaintiff's Third Amended Complaint shall include a statement of this Court's subject matter jurisdiction and a brief description of the "frivolous incidents" to which he alludes in paragraph 10 of his second amended complaint.  Plaintiff's failure to comply with this Order may result in the dismissal of this case.

/s/      *Nora Barry Fischer*

Nora Barry Fischer
United States District Judge

Date:    September 11, 2013

cc:      Markus Hollingsworth, *pro se*
         3132 Pine Avenue
         Erie, PA  16504
         (regular and certified U.S. mail)

         Counsel of Record